IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **KEITH DESHAUN MATHEWS,** § | |
| § | |
| **Petitioner,** § | |
| § | |
| v. § | Civil Action No. 4:22-CV-383-O |
| § | |
| **BOBBY LUMPKIN,** § | |
| **DIRECTOR, TDCD-CID,** § | |
| § | |
| **Respondent.** § | |

## OPINION AND ORDER

Came on for consideration the application of Petitioner, Keith Deshaun Mathews, for writ of habeas corpus under 28 U.S.C. § 2254. The Court, having considered the petition, the response, the reply, and supplemental pleadings, concludes that the petition must be **DISMISSED**.

**I.   BACKGROUND**

Petitioner was convicted as a repeat offender of aggravated assault with a deadly weapon (count one) and assault family/household member with previous conviction (count two) under Case No. 1579283R in the 396th Judicial District Court, Tarrant County, Texas, and sentenced to terms of imprisonment of twenty years as to each count, to run concurrently. ECF No. 9-19 at 7–10. He appealed and his convictions were affirmed. *Mathews v. State*, No. 02-19-00173-CR, 2020 WL 5241196 (Tex. App.—Fort Worth Sept. 3, 2020, no pet.). Petitioner did not file a petition for discretionary review.

On October 8, 2021, Petitioner filed his state application for writ of habeas corpus. ECF No. 9-19 at 41. On April 27, 2022, the Court of Criminal Appeals of Texas denied the application without written order on the findings of the trial court and on the Court's own independent review of the record. ECF No. 9-21.

On May 2, 2022, Petitioner filed his federal application for writ of habeas corpus. ECF No. 1. Respondent filed his answer, urging that the application was untimely. ECF No. 8. Petitioner filed a reply, arguing that he is entitled to equitable tolling. ECF No. 11. The Court ordered Respondent to address Petitioner's arguments and he has done so. ECF No. 17. Petitioner has filed a reply. ECF No. 18.

## II.     LIMITATIONS

A one-year period of limitation applies to a petition for writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The period runs from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. § 2244(d)(1).   Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

The time during which a properly filed application for state post-conviction relief is pending does not count toward the period of limitation. 28 U.S.C. § 2244(d)(2). A state habeas petition is pending on the day it is filed through the day it is resolved. *Windland v. Quarterman*, 578 F.3d 314, 317 (5th Cir. 2009). A subsequent state petition, even though dismissed as successive, counts to toll the applicable limitations period. *Villegas v. Johnson*, 184 F.3d 467, 470

(5th Cir. 1999). And, a motion for reconsideration of the denial of a state petition also counts to toll limitations. *Emerson v. Johnson*, 243 F.3d 931, 935 (5th Cir. 2001). A state habeas application filed after limitations has expired does not entitle the petitioner to statutory tolling. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Equitable tolling is an extraordinary remedy available only where strict application of the statute of limitations would be inequitable. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The doctrine is applied restrictively only in rare and exceptional circumstances. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). The petitioner bears the burden to show that equitable tolling should apply. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). To do so, the petitioner must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The failure to satisfy the statute of limitations must result from factors beyond the petitioner's control; delays of his own making do not meet the test. *In re* Wilson, 442 F.3d at 875. Equitable tolling applies principally where the petitioner is actively misled by the government or is prevented in some extraordinary way from asserting his rights. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Patterson*, 211 F.3d at 930. Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. *Id.* Lack of legal acumen and unfamiliarity with legal process are not sufficient justification to toll limitations. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008); *Alexander*, 294 F.3d at 629.

Finally, the Supreme Court has recognized actual innocence as an equitable exception to the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To meet the actual innocence exception to limitations, the petitioner must show that, in light of new evidence, no

juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Id.* at 386–87; *Merryman v. Davis*, 781 F. App'x 325, 330 (5th Cir. 2019). "Actual innocence" means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Moreover, such a claim requires the petitioner to support his allegations with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

## III. ANALYSIS

On September 3, 2020, the state appellate court affirmed Petitioner's convictions. *Mathews*, 2020 WL 5241196. The convictions became final on October 5, 2020, when the time for filing a petition for discretionary review expired. Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694–95 (5th Cir. 2003). Absent tolling, the deadline for filing an application under 28 U.S.C. § 2254 was October 5, 2021. Petitioner's state habeas application, filed October 8, 2021, did not toll limitations because it was not timely filed. *Scott*, 227 F.3d at 263.

Petitioner argues that the "one-year AEDPA clock did not begin to run until December 30, 2020," the date on which he alleges he became aware that the state court of appeals had affirmed his convictions. ECF No. 11. That date, however, is not one described in § 2244(d)(1). Although Petitioner may not have had notice of the appellate court's ruling until later, he has not shown that there was an impediment created by State action in violation of the Constitution or laws of the United States.[1] *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003) (to invoke 28 U.S.C. § 2244(d)(1)(B), petitioner must show that (1) he was prevented from filing a petition, (2) by State action, (3) in violation of the Constitution or federal law). *See Hardy v. Quarterman*, 577 F.3d 596

---

[1] Petitioner acknowledged that he wrote to the appellate court on December 20, 2020, and received a response dated December 30, 2020, notifying him that an opinion had issued on September 3, 2020. ECF No. 9-17. There is no reason to believe that he could not have learned sooner of the appellate opinion had he made inquiry. Petitioner's argument that ineffective counsel was an impediment is not persuasive.

4

(5th Cir. 2009) (analyzing lack of notice of final ruling under equitable, rather than statutory, tolling theory).

Petitioner alternatively argues that he is entitled to equitable tolling because, despite diligent efforts, he did not learn until December 30, 2020, that the appellate court had affirmed his convictions. Equitable tolling applies only in rare and exceptional circumstances, principally where the petitioner is actively misled by the State or is prevented in some extraordinary way from asserting his rights. *Grooms v. Johnson*, 208 F.3d 488, 489–90 (5th Cir. 1999); *Felder v. Johnson*, 204 F.3d 18, 170–71 (5th Cir. 2000). Equitable tolling is the exception, not the rule. *Rotella v. Wood*, 528 U.S. 549, 561 (2000). To meet his burden, Petitioner must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. *Holland*, 560 U.S. at 649. Whether Petitioner is entitled to equitable tolling depends upon his diligence both before and after the extraordinary circumstance occurs. *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019); *Hardy*, 577 F.3d at 598.

Here, the record arguably supports Petitioner's position that he was diligent in seeking to determine the status of his appeal. (The Court is puzzled why Petitioner apparently did not contact the appellate court to inquire about the status of his appeal until almost a year after contacting the State Bar of Texas. *Compare* ECF No. 11, Exs. A & B.) However, after learning on December 30, 2020, that the appellate judgment had been rendered, it took him until October 8, 2021, to file his state habeas application. Assuming, without deciding, that the late notice was an impediment to filing his state habeas application, that impediment was removed more than nine months before the expiration of limitations and does not entitle Petitioner to equitable tolling. *See Scott*, 227 F.3d at 263 (impediment removed six months before expiration of limitations did not establish a right

5

to equitable tolling). That Petitioner sought additional time in which to file a petition for discretionary review, ECF No. 9-17, and leave to file an out-of-time petition for discretionary review, ECF No. 9-18, which motions were denied, does not affect the analysis, since the latter motion was denied March 19, 2021, over six months before the state application was filed.[2] *Mathews v. State*, PDR 0104-21. As noted, the state application was filed after limitations ran and did not entitle Petitioner to further tolling. *Scott*, 227 F.3d at 263. *See Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999) (tolling not warranted where petitioner waited until the deadline to file his state application).

## IV.   CONCLUSION

For the reasons discussed, the petition is **DISMISSED** as untimely.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further **ORDERS** that a certificate of appealability be, and is hereby, denied, as Petitioner has not made a substantial showing of the denial of a constitutional right.

**SO ORDERED** on this **2nd day** of **March, 2023**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[2] The Court notes that the motions for extension of time and for leave to file out-of-time petition for discretionary review would not have tolled limitations under 28 U.S.C. § 2244(d)(2), because they were not properly filed. In order to acquire the right to file an out-of-time petition for discretionary review, a defendant must first file a state habeas petition. *Ashorn v. Texas*, 77 S.W.3d 405, 409 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd). *See Salinas v. Dretke*, 354 F.3d 425, 431 (5th Cir. 2004), *overruled on other grounds*, *Jimenez v. Quarterman*, 555 U.S. 113 (2009) (discussing manner in which right to file out-of-time petition for discretionary review must be sought and why).